UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In Re:   Canute Lemon                :   Chapter 13 Case No.: 14-15529
         Barbara Ekuibe-Lemon         :
              Debtors                 :   Judge Pat E. Morgenstern-Clarren
                                      :

## DEBTORS' MOTION TO VOID SECOND MORTGAGE
## (BANK OF AMERICA)

Now come Debtors, by and through counsel, and in support of this Motion To Void Second Mortgage of Bank of America (hereinafter referred to as BAC), state as follows:

1. The Court has jurisdiction over this proceeding pursuant to 11 U.S.C. 506 and 11 U.S.C. 1322.

2. Debtors filed a petition under Chapter 13 of the Bankruptcy Code on August 27, 2014.

3. At the time of the filing, debtors owned certain real estate located at 4418 E. 141st Street, Cleveland, OH, which debtors occupy as their homestead, and more fully described as:

> Situated in the City of Cleveland, County of Cuyahoga and State of Ohio and known as being Sublot 283 in the Continental Park Subdivision of part of Original Warrensville Township Lot Nos. 71 and 81, as shown by the recorded plat in Volume 55 of Maps, Page 40 of Cuyahoga County Records.  PPN: 138-22-010.

4. At the time of filing, the following encumbrances were held against debtor's real estate:

   a. First mortgage with SLS (Loan No. xxxxxx5847) in the amount of $58,501.73; and

   b. Second mortgage with BAC (Loan No. xxxxx5113) in the amount of $12,438.00.

5. Debtors' real estate has a fair market value of $29,100.00 according to the Cuyahoga County Auditor's valuation attached hereto as Exhibit A and made a part hereof as if fully rewritten.

6. In this case, the first mortgage held by SLS precludes any equity in debtors' property, and there is insufficient equity in debtors' property to secure the second mortgage held by BAC.  Furthermore, the cramdown and avoidance of a lien on debtor's property while in a Chapter 13 case can be

accomplished without the necessity of an adversary proceeding. See *In re Sanders,* 202 B.R. 986, 988-91 (Bankr. D. Neb. 1996); *In re Vaillancourt,* 197 B.R. 464 (Bankr. M.D. Pa. 1996); and *In re Woodhouse,* 172 B.R. 1-3 (Bankr. D.R.I. 1994).

WHEREFORE, debtors respectfully request that this Honorable Court issue an Order determining the value of the real property, determining that the second mortgage held by BAC is wholly unsecured, and that upon completion of the Plan and the issuance of a discharge, the lien will be discharged.

Respectfully submitted,

/s/ Renee Heller
Renee Heller (0062894)
Attorney for Debtors
14077 Cedar Road, Suite 101
Cleveland, Ohio 44118
(216) 691-0404

## SERVICE

A copy of the foregoing Motion was sent by regular and/or electronic mail to those listed below, this 1st day of October, 2014:

Craig Shopneck, Chapter 13 Trustee
ch13shopneck@ch13cleve.com

Canute and Barbara Ekuibe-Lemon, debtors
4418 E 141st Street, Cleveland, OH 44128

SPS, PO BOX 551170, JACKSONVILLE, FL 32255-1170

SLS, 8742 Lucent Blvd., Ste 300, Littleton, CO 80129

Bank of America
PO Box 5170, Simi Valley, CA 93062-5170

/s/ Renée Heller
Renée Heller
Attorney for Debtors